1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

6
7
8
9

IZAK SHACKELFORD,

                              Plaintiff,

     v.

MASON COUNTY JAIL,

                              Defendant.

No. C13-5326 BHS/KLS

**ORDER GRANTING DEFENDANT'S
MOTION FOR AUTHORIZATION TO
FILE INMATE RECORDS**

10
11
12
13

     Before the Court is Defendant's Motion for Order Authorizing Filing of Inmate Records.
ECF No. 18.  The Plaintiff did not file a response.  Having reviewed the motion and balance of
the record, the Court finds that the motion should be granted.

14

**DISCUSSION**

15
16
17
18
19
20
21

     Izak Shackelford alleges in his Complaint that he is deaf and therefore, disabled.  He
alleges that he was incarcerated at the Mason County Jail for five months and that during that
time, he was denied the use of a TTY [text-enabled] phone.  He alleges that he requested use of a
TTY phone through the jail's kite system and was told that the jail does not have a TTY phone
available.  ECF No. 5 at p. 3.  Defendant has denied that Mr. Shackelford made any such
requests.  ECF No. 11 at p. 1.

22

     RCW 70.48.100 provides in relevant part as follows:

23
24
25
26

     (2) . . . [T]he records of a person confined in jail shall be held in confidence and
     shall be made available only to criminal justice agencies as defined in RCW
     43.43.705; or
     . . .
     (c)  For use in court proceedings upon the written order of the court in which the
     proceedings are conducted . . . .

ORDER - 1

Defendant contends that Mr. Shackelford has put his inmate records at issue in this matter by claiming that he submitted written requests, referred to within the jail as "kites," for access to a text-enabled phone but was refused such access.  Defendant argues that it is entitled to introduce the kites into evidence to support the testimony of the Chief Deputy in charge of the jail, Tom Haugen, that he has reviewed all of plaintiff's kites and other written notes and communications between plaintiff and Jail staff and has found no such request for a text-enabled phone.  The Court agrees with this contention and the request is GRANTED.

In addition, Defendant further seeks authorization to file any other Mason County Jail records generated during the period of plaintiff's incarceration in question, as may be relevant to its contentions and defenses.  Without any specific identification as to what these other records may be, and in light of the fact that they could include medical records, this request is DENIED.

Accordingly, it is **ORDERED:**

(1)     Defendant's motion for order authorizing it to file copies of kites from the Plaintiff  (ECF No. 18) is **GRANTED.**

(2)     Defendant's blanket request for authorization to file any other inmate records it deems relevant is **DENIED**.

(3)     The Clerk shall send a copy of this Order to Plaintiff and counsel for Defendant.

**DATED** this 19th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2