UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

IZAK SHACKELFORD,

                Plaintiff,

  v.

MASON COUNTY JAIL,

                Defendant.

NO. C13-5326 BHS/KLS

**REPORT AND RECOMMENDATION**
**Noted For: October 18, 2013**

Before the Court is Defendant Mason County Jail's Motion for Summary Judgment. ECF No. 16. Defendant served Plaintiff with a *Pro Se* Prisoner Dispositive Motion Notice consistent with *Woods v. Carey,* 684 F.3d 934, 935, 940-41 (9th Cir. 2012) and in accordance with the holding of *Rand v. Rowland,* 154 F.3d 952, 962-63 (9th Cir. 1998). ECF No. 16-1. Plaintiff filed no papers in opposition to Defendant's motion. His failure to file a response may be considered by the Court as an admission that the Defendant's motion has merit. Local Rule W.D.Wash. CR 7(b)(2).

Izak Shackelford is a pro se prisoner currently incarcerated at the Monroe Correctional Complex (MCC). He was previously incarcerated at the Mason County Jail for five months and during that time, he alleges he was denied the use of a TTY phone[1] even though he is deaf and therefore, disabled. ECF No. 5, p. 3. He alleges that he requested use of a TTY phone through the jail's kite system and "in person to correctional staff" but was told that the Mason

---

[1] TTY, as referred to in the complaint, is a common reference to a Text Telephone or Teletypewriter, also known as Telecommunication Devices for the Deaf (TDD). ECF No. 17, Declaration of Tom Haugen, ¶ 6.

REPORT AND RECOMMENDATION - 1

County Jail does not have a TTY phone available. ECF No. 5 at p. 3.  Mr. Shackelford contends that Mason County Jail's failure to provide him with a TTY phone violated his constitutional rights and the American with Disabilities Act (ADA), 42 U.S.C. § 12132. *Id.*

Undisputed evidence shows that Mr. Shackelford did not submit any kites and did not file a grievance relating to his claim that he was denied a TTY phone while at the Mason County Jail.  Based on the motion, summary judgment evidence, and balance of the record, the Court recommends that Defendant's motion be granted and all claims against it dismissed.

**FACTS**

According to Tom Haugen, Chief Deputy of the Mason County Jail, Mr. Shackelford was booked into the Mason County Jail on May 30, 2012 following his arrest for Malicious Mischief 2nd Degree-Domestic Violence and Failure to Register as a Sex Offender, both Class C felonies.  ECF No. 17, Declaration of Tom Haugen, ¶ 3.  Mr. Shackelford was discharged from the Mason County Jail on October 29, 2012, after pleading guilty to both counts.  *Id.*, ¶ 4. He received a four month sentence on each count, to run concurrently, and he was released from custody on October 29, 2012 due to credit for time served.  *Id.*

Mr. Shackelford did not spend all of his time (between May 30, 2012 and October 29, 2012) in the Mason County Jail.  From August 27, 2012 until October 10, 2012, he was in the custody of Department of Social Health Services (DSHS) at Western State Hospital in Lakewood, Washington, pursuant to court order.  *Id.*, ¶ 5.

Mr. Haugen has submitted and reviewed all of the kites submitted by Mr. Shackelford during his incarceration at the Mason County Jail.  There are no kites requesting access to a TTY (text telephone) or TDD (teletypewriter) in any of the kites or other handwritten notes

submitted by Mr. Shackelford. *Id.*, ¶ 6; *see also* ECF No. 20, Declaration of Guy Bogdanovich, Exhibit A (copies of all kites and other handwritten notes prepared by Mr. Shackelford during his incarceration at the Mason County Jail).

Inmates at the Mason County Jail are allowed access to telephones between the hours of 8 a.m. and 10 p.m., unless the phones are turned off for security reasons or the telephone privilege is denied to a particular inmate for disciplinary reasons. Tom Haugen states that he has contacted all corrections personnel at the Mason County Jail who worked any shift during Mr. Shackelford's incarceration and none were ever asked by Mr. Shackelford for access to a TTY or TDD phone. Mr. Haugen's only contact with Mr. Shackelford was when he said "hi" to Mr. Shackelford in the hallway of the jail. Mr. Shackelford made no reply. ECF No. 17, ¶ 7.

In his complaint, filed herein on April 24, 2013, Mr. Shackelford acknowledges that he did not file any grievance relating to his claims at the Mason County Jail. He states that "[t]he issue did not happen at current Monroe Facility I am currently at. It happened at another facility." ECF No. 5, p. 2.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(a). Where the party opposing a motion for summary judgment will have the burden of proof on an issue at trial, the moving party can prevail by "pointing out to the district court ... that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party meets this

initial burden, the opposing party must then "set forth specific facts showing that there is a genuine issue for trial" in order to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quotation marks omitted); Fed.R.Civ.P. 56(e). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). In deciding a motion for summary judgment, a court draws all inferences in the light most favorable to the party opposing the motion. *Blair Foods, Inc. v. Ranchers Cotton Oil*, 610 F.2d 665, 668 (9th Cir. 1980).

Where the nonmoving party is *pro se*, a court must consider as evidence in opposition to summary judgment all contentions "offered in motions and pleadings, where such contentions are based on personal knowledge and set forth facts that would be admissible in evidence, and where [the party appearing pro se] attested under penalty of perjury that the contents of the motions or pleadings are true and correct." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004) (citation omitted), *cert. denied*, 546 U.S. 820, 126 S. Ct. 351, 163 L.Ed.2d 61 (2005).

**DISCUSSION**

**A.     Mason County Capacity to be Sued**

Mason County Jail is the only defendant named in Plaintiff's complaint. ECF No. 5. Mason County Jail argues that it is not a legal entity with the capacity to be sued. ECF No. 16.

RCW 36.01.010 provides in relevant part that "[t]he several counties in this state shall have capacity as bodies corporate, to sue and be sued in the manner prescribed by law...." In order to determine whether the Mason County Jail is a legal entity separate from Mason

County, it is necessary to examine the enactment providing for the Mason County Jail's establishment. *Foothills Dev. v. Commissioners,* 46 Wn. App. 369, 376, 730 P.2d 1369 (1986), citing *Roth v. Drainage Improvement Dist. 5,* 64 Wn.2d 586, 588, 392 P.2d 1012 (1964). The Mason County Jail is authorized by RCW 70.48.180, which provides as follows:

> Counties may acquire, build, operate, and maintain holding, detention, special detention, and correctional facilities as defined in RCW 70.48.020 at any place designated by the county legislative authority within the territorial limits of the county. The facilities shall comply with chapter 70.48 RCW and rules adopted thereunder.

RCW 70.48.020(9) defines a "Jail" as "... any holding, detention, special detention, or correctional facility as defined in this section." Under these statutes, Mason County Jail is a facility operated and maintained by Mason County. It is not granted separate legal status with authority to sue or be sued in its own name. *See, e.g., Nolan v. Snohomish County*, 59 Wn. App. 876, 881-83, 802 P.2d 792 (1990) (a county council is not a legal entity separate and apart from the county itself).

Based on the foregoing, the undersigned recommends that Mason County Jail be dismissed because it lacks the capacity to be sued. Because Mason County Jail is the only defendant named in the complaint, the complaint must also be dismissed. Alternatively, the complaint should be dismissed because Mr. Shackelford's failure to request or grieve the lack of a TTY/TDD phone demonstrates his failure to properly exhaust his claim or to show discrimination under the ADA.

**B.      Exhaustion/Failure to State Claim (ADA)**

42 U.S.C. § 1997e(a) provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a

prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Mr. Shackelford concedes that he did not file a grievance while at the Mason County Jail regarding the alleged denial of access to a TTY/TDD phone. Mr. Shackelford apparently believed that his failure to do so is excusable because at the time he filed his complaint he was no longer incarcerated at the Mason County Jail. ECF No. 5, p. 2. However, the exhaustion requirement is not rendered inapplicable due to a prisoner's transfer to another correctional facility. *See, e.g., Medina Claudio v. Rodriguez–Mateo*, 292 F.3d 31, 35 (1st Cir.2002); *Flourney v. Navarro*, 2008 WL 4184650 at *7 (C.D.Cal.200*) (transfer from Los Angeles County Jail to California Department of Corrections does not exempt Plaintiff from exhaustion requirement prior to bringing suit for jail incident.) The PLRA clearly requires all confined individuals to exhaust available remedies prior to bringing a lawsuit relating to prison conditions. A transfer to another facility, even if under the control of a different official, does not make the grievance procedure unavailable. *Id*. Moreover, "there is no 'futility exception' to the PLRA exhaustion requirement." *Massey v. Wheeler*, 221 F.3d 1030, 1034 (7th Cir.2000); *see also Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2000) (PLRA mandates exhaustion regardless of the relief offered through administrative procedures).

Because Mr. Shackelford did not file a grievance or otherwise seek to exhaust his administrative remedies at the Mason County Jail, his complaint must be dismissed. There is also no evidence of any violation of the ADA.

Title II of the Americans with Disabilities Act (ADA), provides in relevant part:

> . . . [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C. § 12132. To prove a violation of Title II of the ADA, a plaintiff must show:

> (1) [H]e is a "qualified individual with a disability"; (2) he was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Duvall v. County of Kitsap,* 260 F.3d 1124, 1135 (9th Cir. 2001), citing *Weinreich v. Los Angeles County Metropolitan Transp. Auth.,* 114 F.3d 976, 978 (9th Cir. 1997).

Mr. Shackelford alleged in his complaint that he is deaf and that his oral and written requests to jail staff for access to a TTY phone were denied. ECF No. 5. The records of the Mason County Jail clearly show that Mr. Shackelford never made a written request. Mr. Haugen disputes that Mr. Shackelford made any oral requests. Even assuming that Mr. Shackelford did make an oral request for access to the TTY phone, his claim fails because there is no evidence that he is a "qualified individual with a disability," that he was denied the benefits of the Mason County Jail or otherwise discriminated against and that the discrimination was by reason of his disability.

## CONCLUSION

Based on the foregoing, the undersigned recommends that Defendant Mason County Jail's Motion for Summary Judgment (ECF No. 16) be **GRANTED;** and that Plaintiff's claims against Defendant Mason County Jail be **dismissed with prejudice.**

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 18, 2013**, as noted in the caption.

**DATED** this  3rd  day of October, 2013.

Karen L. Strombom
United States Magistrate Judge